IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BARAA OSAMAH ABDULRAHEEM,<br>    *Plaintiff* | § § § § § § § | |
| v. | | Case No. 1:23-CV-00894-DII-SH |
| USCIS,<br>    *Defendant* | | |

## ORDER

Before the Court are Plaintiff's Original Complaint (Dkt. 1) and Application to Proceed *In Forma Pauperis* (Dkt. 2), both filed August 1, 2023. The District Court referred this case to this Magistrate Judge for disposition of the Application and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Robert Pitman. Dkt. 3.

### I.   *In Forma Pauperis* Status

After reviewing Plaintiff's Financial Affidavit, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status. This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

### II.   Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A district court may summarily

dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### A. Standard of Review

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plaintiff's *pro se* status does not offer her an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Ferguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### B. Analysis

Plaintiff, who is citizen of a foreign country, brings this lawsuit to challenge the United States Citizenship and Immigration Services' ("USCIS") handling of his naturalization application. Plaintiff alleges that he applied to become a United States citizen in 2020 but "still didn't get the citizenship [sic]." Dkt. 1 at 1.

"The district courts of the United States are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." *Badgerow v. Walters*, 142 S. Ct. 1310, 1315 (2022). Relevant here, district courts have jurisdiction to review the denial of a naturalization application *after* an applicant has exhausted administrative remedies. 8 U.S.C. § 1421(c); 8 C.F.R. § 336.9 (2011). In addition, district courts have the authority to review a naturalization application that has not been decided more than 120 days after an in-person examination. 8 U.S.C. § 1447(b). "Section 1447(b) provides a district court with a means of addressing the administrative delay of an application that the Attorney General *may* consider. But § 1429 does not allow the Attorney General to consider naturalization applications when a removal proceeding is pending." *Saba-Bakare v. Chertoff*, 507 F.3d 337, 340 (5th Cir. 2007).

It is unclear whether this Court has jurisdiction over Plaintiff's claims because he does not clarify in his Complaint whether they arise from denial of his naturalization application or failure by USCIS to rule on his application in a timely manner. Therefore, the Court **ORDERS** Plaintiff to file a More Definite Statement by **September 5, 2023**, providing the following information:

1. What is the exact date you applied to become a United States citizen?
2. Provide the Court with a copy of your naturalization application and any case number associated with it.
3. Has the USCIS ruled on your application? If so, provide the Court with a copy of the ruling.
4. If the USCIS ruled on your application, did you file an administrative appeal? If so, provide the Court with a copy of any rulings by the immigration judge or USCIS.
5. Have you ever been convicted a crime?
6. Do you have any pending criminal charges against you?
7. Has the government begun any removal proceedings against you?
8. Have you filed a previous federal lawsuit challenging your immigration status? If so, provide the case number and venue.

If Plaintiff does not respond in full by the deadline, the Court will recommend dismissing this case for failure to prosecute.

**SIGNED** on August 21, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE