IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BARAA OSAMAH ABDULRAHEEM,<br>　　*Plaintiff*<br><br>v.<br><br>USCIS,<br>　　*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:23-CV-00894-DII-SH |

## ORDER

Before the Court are Plaintiff's Original Complaint (Dkt. 1), filed August 1, 2023. The District Court referred this case to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 3.

### I.   Background

Baraa Osamah Abdulraheem filed a Form N-400 Application for Naturalization ("Application")[1] with the United States Citizenship and Immigration Services' ("USCIS")[2] on May 27, 2020. Although more than three years have since passed, USCIS has yet to rule on his Application.[3] Abdulraheem sues USCIS for an adjudication of his Application.

The Court granted Abdulraheem's Application to Proceed *In forma Pauperis* and ordered him to file More Definite Statements to determine whether his Complaint should be dismissed under

---

[1] Dkt. 5 at 3 (Application No. IOE-9064253599).

[2] The USCIS is an agency within the United States Department of Homeland Security ("DHS"). *Duarte v. Mayorkas*, 27 F.4th 1044, 1055 (5th Cir. 2022).

[3] The USCIS website states that USCIS is "actively reviewing" Abdulraheem's Application. *See* https://egov.uscis.gov. Courts may take judicial notice of information posted on a government website. *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005).

28 U.S.C. § 1915(e). Dkts. 4, 6. Abdulraheem timely filed More Definite Statements. Dkts. 5, 7. Accordingly, the Court proceeds with frivolous review under § 1915(e)(2)(B).

## II. Legal Standards

Section 1915(e)(2)(B) authorizes a federal court to dismiss a claim filed *in forma pauperis* "at any time" if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals on these grounds often are made sua sponte before process issues, "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

A claim is frivolous when "it lacks an arguable basis either in law or in fact." *Id.* at 325. A complaint lacks an arguable basis in law "if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A complaint lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing "fanciful," "fantastic," and "delusional" allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because "*pro se* litigants are held to a lesser pleading standard than other parties," their pleadings must be "liberally construed." *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008)

### III. Analysis

The USCIS has the "sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a).[4] The naturalization process consists of these steps. First, the applicant files a Form N-400 Application for Naturalization with the USCIS. 8 U.SC. § 1445. Second, the USCIS must conduct a "personal investigation" of the applicant, which requires a background check that includes an evaluation by the Federal Bureau of Investigation. *Id.* § 1446. Third, the applicant must appear in person before a USCIS officer for an "examination," which includes an in-person interview. *Id.*; 8 C.F.R. § 335.2(a). Fourth, the USCIS must decide whether to grant or deny the application "within 120-days after the date of the initial examination of the applicant." 8 C.F.R. § 335.3(a). Finally, if the application is granted, the applicant is administered an oath of allegiance at which time the applicant is considered "a citizen of the United States." 8 C.F.R. § 337.

Under Section 1421(c) of the INA, an applicant may seek judicial review of the denial of his application *after* he has exhausted his administrative remedies. 8 U.S.C. § 1421(c). If the USCIS does not issue a decision within 120 days of the interview of the applicant, an applicant may petition the district court for a hearing on the matter. *Id.* ¶ 1447(b). After the hearing, the district court may rule on the application itself or remand the matter to the USCIS "with appropriate instructions." *Id.* An applicant also may seek judicial review under the Administrative Procedure Act ("APA") if the USCIS "unreasonably" delays ruling on an application. *See* 5 U.S.C. § 555(b) (requiring agencies to conclude matters "within a reasonable time"); *Id.* § 706(1) (authorizing courts to "compel agency action unlawfully held or unreasonably delayed").

---

[4] While the statute refers to the "Attorney General" as having the authority to naturalize aliens, that authority has been transferred to the USCIS. *See Poursina v. United States Citizenship & Immigr. Servs.*, 936 F.3d 868, 870 n.1 (9th Cir. 2019) (citing 8 C.F.R. § 100.1).

Abdulraheem's Application is at the second step of the naturalization process. Dkt. 7 at 1. After Abdulraheem filed this suit, the USCIS sent him a notice that his in-person interview was scheduled for October 30, 2023. Dkt. 8. Nevertheless, because his Application has been pending for more than three years, Abdulraheem may have a viable claim under the APA that the USCIS "unreasonably delayed" ruling on his Application. *See M.J.L. v. McAleenan*, 420 F. Supp. 3d 588, 598 (W.D. Tex. 2019) (holding that plaintiffs alleged plausible claims under the APA that USCIS unreasonably delayed ruling on their U Visa applications), *R. & R. adopted*, 2020 WL 10056215 (W.D. Tex. Jan. 24, 2020). For these reasons, this Magistrate Judge does not recommend that the District Court dismiss this case under Section 1915(e)(2)(B) for now.

## IV.   Conclusion

The Court **ORDERS** that the Clerk issue summons and **ORDERS** the United States Marshals Service to attempt service in this case without pre-payment of a service fee.

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the District Court.

**SIGNED** on October 10, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE